NUMBER
13-05-160-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

 

 

 

RAYMOND
EARL RANDLE, JR.,                                                                                  Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                   On
appeal from the 24th District Court

                           of
Victoria County, Texas.

 

 

 

                     MEMORANDUM
OPINION

 

      Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant,
Raymond Earl Randle, Jr., was charged with aggravated kidnapping.  See Tex.
Pen. Code Ann. ' 20.04 (Vernon 2003).  A jury found appellant guilty, and the trial
court assessed punishment at confinement for twenty years in the Texas
Department of Criminal Justice-Institutional Division and a fine of
$2,000.  The trial court has certified
that this case Ais not a plea bargain case, and the defendant has
the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  Through his sole point of error, appellant
contends that his sentence is cruel and unusual because it is disproportionate
to his involvement in the kidnapping.  We
affirm.

I.  Background

All issues of law
presented by this case are well-settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Cruel and Unusual Punishment

By his sole point
of error, appellant contends that his sentence of twenty years= imprisonment is cruel and unusual because it is
disproportionate to his involvement in the kidnapping.  The State asserts that appellant failed to
preserve error, and therefore he waived his right to appeal his sentence.   








As a prerequisite
to presenting a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely objection or motion.  Tex.
R. App. P. 33.1(a).  It is well-settled
that Aalmost every right, constitutional and statutory, may
be waived by a party=s
failure to object.@  Smith v. State, 721 S.W.2d 844, 855
(Tex. Crim. App. 1986).  Moreover,
this Court has held that failing to complain that a sentence is cruel and
unusual, either by objection during the punishment phase of trial or by a
motion for new trial, waives the error.  Quintana
v. State, 777 S.W.2d 474, 479 (Tex. App.CCorpus
Christi 1989, pet. ref'd).

Thus, in order to
have preserved his complaint for appellate review, appellant had to (1) make a
timely objection to the sentence imposed by the trial court, complaining that
his sentence was cruel and unusual, or (2) raise his complaint in a motion for
new trial.  See Tex. R. App. P. 33.1(a); see also Quintana, 777
S.W.2d at 479.  The record, however,
shows that appellant (1) failed to object to the sentence assessed by the trial
court, and (2) failed to file a motion for new trial complaining that his
sentence was cruel and unusual. 
Therefore, we conclude appellant failed to preserve error.  We overrule appellant=s
sole point of error.

III.
Conclusion

Accordingly, we
affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this 8th day of June, 2006.